JAMES RUSSELL and Another, Respondents, *v.* WILLIAM J. RUSSELL, Appellant.

Second Department, March 28, 1927.

Deeds — action to cancel deed to defendant on ground of fraud — deed in question was executed by father of defendant, who, at time, lived with defendant — court below having found fraud, should not have refused to cancel deed and decreed that it constituted mortgage to secure advances by defendant — evidence does not justify finding of fraud.

This is an action to cancel a deed given by the father of the parties to the defendant and is brought on the ground that the defendant fraudulently induced his father to grant the property in question. The trial court, having found that the deed was procured by fraud, should have canceled it and should not have decreed that it constituted a mortgage to secure the defendant for moneys advanced by him in reduction of a first mortgage upon the premises and for interest and attorney's fees paid by the defendant at a time when the first mortgage was extended by the mortgagee.

The evidence does not justify the finding that the deed was procured by fraud. It appears that the father of the parties lived with the defendant for many years and was taken care of by him; that when the father was about seventy-two years of age the first mortgage on the premises became due, and in order to secure a renewal it was necessary to reduce the principal; that the defendant advanced money to reduce the principal on the first mortgage and to pay accrued interest and lawyer's fees in the transaction, and asked for and received a deed of the premises. It also appears by the testimony of disinterested parties that the father knew all the details of the transaction and expressed his desire to make the transfer. The evidence shows that when the father reached the age of about seventy-seven years he left the home of the defendant and went to live with one of the plaintiffs, and that almost immediately thereafter the present action was begun.

APPEAL by the defendant, William J. Russell, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 16th day of December, 1926, upon the decision of the court rendered after a trial at the Kings Special Term in an action to cancel a deed upon the ground that the execution was procured through fraud.

*Arnold M. Schmidt,* for the appellant.

*Edward Burke,* for the respondents.

KELLY, P. J. The Special Term has found that the deed from the deceased father of the parties to the defendant son was procured by fraud and undue influence without consideration, and that defendant knew his father was of enfeebled mind and incapable of making the deed. It is also found as matter of fact that the defendant falsely and fraudulently represented the deed to be

a mere matter of form for the purpose of procuring an extension of a mortgage then upon the premises. Nevertheless, the learned trial justice, instead of setting aside the deed thus fraudulently obtained, which was the relief demanded in the complaint, decrees that it is a mortgage given to secure the defendant for moneys advanced by him in reduction of the first mortgage upon the premises and for interest and attorney's fees paid upon obtaining the extension of said first mortgage. If the deed was obtained by fraud and deceit from a grantor so enfeebled in mind that he was not competent to execute the instrument, it should have been canceled. It was void, and could not be decreed to be a mortgage to secure advances made by defendant — and, indeed, there is no evidence in the record justifying a finding that it was ever executed or delivered for such purpose. But we are of opinion that upon the evidence in the case there is no justification for the finding that the deed by the father, now deceased, to his son, the defendant, was procured by fraud or undue influence. The defendant son had lived with his father all his life; upon the marriage of the defendant the father continued to live with defendant and his daughter-in-law. His advancing years caused his retirement from active labor. The son with whom he lived in amicable and friendly relations took upon himself, at the father's request, the task of procuring an extension of the first mortgage upon the property, the amount of which had already been reduced by joint contributions of the father and the son. To obtain the extension it became necessary to make a further payment on account of the principal. The defendant son put up the money necessary, but asked that the title to the property be transferred to him, because the father was some seventy-two years of age and there were two other brothers, the plaintiffs, who were living apart from the father and who took little or no interest in his affairs. The deed was prepared by the attorneys for the bank holding the first mortgage, after consultation with the father and the defendant son. These attorneys are men of established reputation. The desire of the father to make the transfer is testified to by one of the lawyers connected with the firm and corroborated by the commissioner who took the acknowledgment. These witnesses had known the father for many years; they testify to his complete competency and understanding of the transaction. The deed was executed; the defendant son paid $500 on account of the mortgage and accrued interest and lawyers' charges aggregating $688. The mortgage was extended. The father and son returned to their home where the father continued to live from 1920, the date of the deed, until 1925. At that time he had apparently reached the age of seventy-seven years. He

left his home and went to the home of his son James and immediately commenced this action to set aside the deed made in 1920, charging his defendant son with fraud. It appears that the action was brought to trial in his lifetime, but for some reason the trial was not completed. The father died in September, 1926. His evidence taken on the uncompleted trial was read on the trial now under review.

The proof of fraud is not sufficient. The learned trial justice did not see or hear the father. He had to depend upon the printed record, as this court has to depend upon it. It presents the case of this father, seventy-eight years of age at the time he gave his testimony, endeavoring to avoid the deed which he gave to the defendant six years before. It is obvious on the record that he had come under the influence of his son the plaintiff James, and even in the lifetime of the father it was really a contest between the two brothers. In finding that the deed was fraudulently obtained the Special Term necessarily condemns the counsel who took part in the transaction. We think this finding is contrary to the evidence and that the defendant was entitled to judgment dismissing the complaint upon the merits.

The judgment should be reversed upon the facts, and judgment directed in favor of defendant upon the merits, with costs. Findings of fact numbered III and IV made at Special Term, and the conclusions of law I to V are reversed and set aside. Findings of fact requested by defendant and refused by the Special Term are found by this court.

YOUNG, KAPPER, LAZANSKY and HAGARTY, JJ., concur.

Judgment reversed upon the facts, and judgment directed in favor of defendant upon the merits, with costs. Findings of fact numbered III and IV, made at Special Term, and conclusions of law I to V reversed and set aside. Findings of fact requested by defendant and refused by the Special Term are found by this court. Settle order upon notice. _____